Overseers, &c.
of Blooming
Grove
v.
Overseers, &c.
of Minisink.

OVERSEERS OF THE POOR OF BLOOMING GROVE *vs.* OVER-
SEERS OF THE POOR OF MINISINK.

On the affirmance by this court of an order of the general sessions, quash-
ing an order of removal of a pauper, the defendants in error are not enti-
tled to enter a judgment for costs of affirmance, *unless this court have direct-
ed costs* to be paid to the prevailing party.

November 21.　IN 1829 the general sessions of Orange county quashed an
order of removal of a pauper sent from Blooming Grove to
Minisink. Blooming Grove sued out a certiorari removing
the proceedings into this court, to which a return was made
in 1829. In May, 1832, this court *affirmed* the order of the ses-
sions quashing the order of removal, but made *no order as to
costs.* Minisink taxed the costs of the certiorari, amounting to
$114,77, against Blooming Grove, and entered judgment for
that amount, together with $29,58, the costs of the appeal in
the sessions. A motion is now made to set aside the judgment
as it regards the costs of defending the certiorari.

*By the Court,* SAVAGE, Ch. J. By the act to prevent abuses
in suing out writs of *habeas corpus* and *certiorari,* passed 24th
February, 1801, 1 *R. L.* 140, the proceedings upon certiorari
in a case like this were recognized and regulated. The party
prosecuting such certiorari is required to enter into a recogni-
zance, conditioned to prosecute the certiorari to effect without
delay ; and if the order be confirmed, to pay such costs and
charges as shall be awarded. This act has been repealed, 3
*R. S.* 131, *No.* 44, and no such proceeding is recognized by
the revised statutes. It is unnecessary to enter into any dis-
cussion of the operation of the revised statutes upon this case,
because, by the statute under which the judgment for costs
has been entered, no costs were recoverable, unless " *directed
by the said court.*" 1 *R. L.* 141, § 4. The rule affirming the
order of the sessions is silent as to costs. If the defendants in
the certiorari had thought themselves entitled to costs, they
should have made a special motion to the court for that pur-

pose. It was never matter of course to award upon the recod costs in such a case, unless they were specially given in the rule for judgment.

Whether this court has power to award costs in this case is a question not necessarily arising; I shall therefore not discuss it. This motion must be granted.